

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| NAKIA LARON GERMAN, §<br>         Plaintiff, §<br>§<br>vs. §<br>§<br>ANGELIA R. BROWN, Captain, §<br>Administrative Disciplinary Hearing Officer, §<br>sued in individual capacity, §<br>         Defendant. § | CIVIL ACTION NO. 8:04-22900-26BI |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING THE ACTION WITHOUT PREJUDICE AND WITHOUT ISSUANCE OR SERVICE OF PROCESS

This is a Section 1983 action. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which she suggests that Plaintiff's Complaint be dismissed without prejudice and without issuance or service of process. The report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed her report on November 12, 2004. Plaintiff filed his objections (two documents) to the report on December 3, 2004. Although untimely filed, in an abundance of caution and in the interest of justice, the Court has carefully reviewed the submissions pursuant to the standards set forth above, but finds Plaintiff's arguments to be without merit.[1]

Simply stated, this Court cannot find that Plaintiff's due process rights were violated.[2] As observed by the Magistrate Judge, "Plaintiff was given opportunity to appeal from the adverse decisions and actually secured relief on appeal." Report at 3. "Even assuming that the Defendant erred in accusing the Plaintiff of infractions, his vindication through the administrative review process satisfies constitutional requirements and precludes an action under 42 U.S.C. § 1983." Report at 4. Contrary to Plaintiff's objections otherwise, he fails to state a claim upon which relief may be granted.

Therefore, after a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court adopts the report and incorporates it herein. Hence, it is the judgment of this Court that Plaintiff's Complaint must be **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED**.

Signed this 21st day of April, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] It appears from reviewing these objections that Plaintiff may misunderstand the process by which the Magistrate Judge filed this report. Plaintiff is directed to the introductory paragraph on page 1 of the report, as well as the "§ 1915 Screening" section on page 5 of the report, for an explanation of this process.

[2] For a full recitation of the relevant facts of this case, the reader is directed to the "Background" section of the report at pages 1-2..

2